1  Matthew Borden, Esq. (SBN: 214323)
   borden@braunhagey.com
2  David H. Kwasniewski, Esq. (SBN: 281985)
   kwasniewski@braunhagey.com
3  BRAUNHAGEY & BORDEN LLP
4  351 California Street, 10th Floor
   San Francisco, CA 94104
5  Telephone: (415) 599-0210
6  Facsimile: (415) 599-0210

7
   *Attorneys for Defendant*
8  *Outdoorsy, Inc.*

9
10                 **UNITED STATES DISTRICT COURT**
11              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
12                          **SOUTHERN DIVISION**

13

14
15 | JOHN BAI, individually, and on behalf of all others similarly situated, | Case No. 8:21-cv-502 |
16 |                      Plaintiff,                                        |                       |
17 |                      -against-                                          | **DEFENDANT OUTDOORSY, INC.'S NOTICE OF REMOVAL** |
18 | OUTDOORSY, INC., and DOES 1-20, inclusive,                             |                       |
19 |                      Defendant.                                         |                       |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Outdoorsy, Inc. ("Outdoorsy") hereby removes this action from the Superior Court in the State of California for the County of Orange to the United States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. §§ 1332, 1446, and 1453. This action is a purported class action where the named plaintiff and defendant are citizens of different states, the purported class contains over 100 members, and the amount in controversy would exceed $5 million. In accordance with 28 U.S.C. §1446(a), set forth below is a statement of the grounds for removal.

## I.   THE COMPLAINT AND STATE COURT PROCEEDINGS

1. Outdoorsy is an online marketplace that helps connect owners of RVs, motorhomes and campervans with people and families wanting to rent them. Almost two years after a renter purportedly damaged Plaintiff's RV, Plaintiff filed this putative class action falsely claiming that Outdoorsy failed to disclose the terms of insurance offered through its website and demanding millions of dollars. In actuality, Plaintiff repeatedly saw and agreed to the insurance terms as a precondition to using Outdoorsy's website. He also ignored an explicit warning banner that Outdoorsy posted on his account page alerting him that he was renting his RV to an underaged driver in violation of the terms of service, and thus insurance would not apply. As he is also aware, Plaintiff executed an arbitration agreement with Outdoorsy, which Outdoorsy will ask this Court to enforce. In sum, this case was improperly filed in state court in bad faith to vex, harass and extort Outdoorsy, and provides a paradigmatic example of the abusive type of putative class action that the Class Action Fairness Act ("CAFA") was designed to address.

2. On February 16, 2021, Plaintiff John Bai filed an action against Outdoorsy, entitled *John Bai v. Outdoorsy Inc.,* Case No. 30-2021-01184026-CU-NP-CXC, in the Superior Court in the State of California for the County of Orange.

DEFENDANT OUTDOORSY, INC.'S NOTICE OF REMOVAL

3. Service of the Complaint was effectuated on or about February 23, 2021. True and correct copies of the Complaint and Summons are attached as **Exhibit A**.

## II. JURISDICTION AND VENUE

4. As is set forth below, this is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d) (pursuant to the Class Action Fairness Act).

5. This action may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453, as (1) it is a "civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons;" (2) the purported class action contains over 100 class members; (3) the amount in controversy sought by Plaintiff exceeds the sum of $5 million; and (4) at least one plaintiff is diverse from at least one defendant.

6. Venue is proper in this Court because this Court embraces the County of Orange where the underlying state court action was filed. 28 U.S.C. § 1441(a).

## III. JURISDICTION OVER THIS ACTION EXISTS PURSUANT TO THE CLASS FAIRNESS ACT

7. Jurisdiction pursuant to the Class Fairness Act ("CAFA") exists over (1) purported class actions, or "civil action[s] filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons;" (2) the purported class action contains over 100 class members; (3) the amount in controversy sought by Plaintiff exceeds the sum of $5 million; and (4) a member of a class of plaintiffs is a citizen of a State and a defendant is a foreign state or a citizen or subject of a foreign state OR (5) a member of the purported class of plaintiffs is a citizen of a State different from any defendant. *See* 28 U.S.C. § 1332(d)(2).

### A. This Case Is A Purported Class Action

8. Jurisdiction under CAFA requires that the action be a putative class action. *See* 28 U.S.C. § 1332(d)(2). This case meets that requirement. (Compl. ¶ 1 ("Plaintiff brings this class action Complaint against Defendant OUTDOORSY, INC. . . . to obtain redress for a California class of consumers ('Class Members') who changed position, within the applicable statute of limitations period, as a result of Defendant's deceptive business practices."); *see also id*. at ¶ 18 ("This class action is brought pursuant to California Code of Civil Procedure § 382").

### B. The Purported Class Contains Over 100 Class Members

9. Jurisdiction under CAFA requires that the purported class action contain over 100 class members. *See* 28 U.S.C. § 1332(d)(5)(B). As detailed in the declaration of Richard Sanders, an attorney and the Chair of Outdoorsy's Advisory Board, Outdoorsy has had thousands of customers in California in the past four years who have rented out their vehicles using Outdoorsy's service; the vast majority of these bookings include the purchase of a "Protection Package" which, among other things, provides insurance for rentals where, among other requirements, the driver is "verified" under Outdoorsy's terms and conditions. (Declaration of Richard Sanders ("Sanders Decl.") ¶ 4.)

### C. The Amount in Controversy Exceeds $5,000,000

10. The amount in controversy is based on the relief a plaintiff theoretically could obtain if he was successful on all his claims. *Campbell v. Vitran Exp., Inc.* 471 F. App'x 646, 648 (9th Cir. 2012). For purposes of 28 U.S.C. § 1332(d)(6), the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

11. Pursuant to Supreme Court and Ninth Circuit case law, a notice of removal pursuant to CAFA need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating*

*Co., LLC v. Owens*, 135 S. Ct. 547, 551, 553-54 (2014); *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (holding that "defendant's notice of removal [pursuant to CAFA] 'need not contain evidentiary submissions' but only plausible allegations of jurisdictional elements") (internal quotation marks omitted).

12. Here, Plaintiff's own pleading shows that the amount of damages and restitution he seeks exceeds the $5,000,000 threshold. (Complaint ¶¶ 3, 17; Prayer For Relief ¶¶ d-h).

13. Plaintiff alleges that as a result of the complained of actions, "Defendant misrepresented and falsely advertised to Plaintiff and other similarly situated consumers that any damage caused to their vehicles would be covered by insurance, when it had no intention of honoring claims by vehicle owners for damage caused by renters." (Compl. ¶ 3.) He seeks "(d) An order requiring Defendant to engage in corrective advertising regarding the conduct discussed above; (e) Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the deceptive practices described herein during the relevant class period; (f) Punitive damages, as allowable, in an amount determined by the Court or jury; (g) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power; (h) Pre- and post-judgment interest." (Prayer For Relief ¶¶ d-h.)

14. Plaintiff defines the purported class for which he seeks damages and restitution, as follows: "a California class of consumers ('Class Members') who changed position, within the applicable statute of limitations period, as a result of Defendant's deceptive business practices" and alleges that "Defendant's misrepresentations to Plaintiff and others similarly situated induced them to rent their vehicles through Defendant's website, which Plaintiff and others similarly situated would not have done absent these misrepresentations by Defendant and its employees. (Compl. ¶¶ 1, 5.)  The statute of limitations for actions brought under California Business and Professions Code § 17200 is "[a]ny action to enforce any

cause of action pursuant to [the UCL] shall be commenced within four years after the cause of action accrued." Cal. Bus. & Prof. Code § 17208.  The class thus purports to include any Outdoorsy customer who rented out their vehicle within four years of the filing of the Complaint, or February 16, 2017.

15. While Outdoorsy denies the allegations set forth in the Complaint and maintains that Plaintiff is subject to sanctions for filing this false and abusive lawsuit, in determining the amount in controversy, "a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell*, 471 F. App'x at 648 (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993,1001 (C.D. Cal. 2002)); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial. This is so because they are not stipulating to damages suffered, but only estimating the damages that are in controversy.").

16. Were Plaintiff to succeed on these claims, Outdoorsy may be required to disgorge the total value of the bookings made in California for the four-year period preceding the filing of the Complaint.  The total amount of this reimbursement would significantly exceed $5 million. (Sanders Decl. ¶ 4.) In addition, the injunctive relief may require Outdoorsy to renegotiate its insurance contracts, which could result in millions of dollars of costs to Outdoorsy. (Sanders Decl. ¶ 5.)

17. ***First***, for the last four years, thousands of customers in California have rented out their vehicles using Outdoorsy. The vast majority of these bookings include the purchase of Outdoorsy's "Protection Package," which, among other things, provides insurance for qualified transactions.  These bookings represent over $5,000,000 during that period. (Sanders Decl. ¶ 4.) Were Outdoorsy required to

1  disgorge such amounts for the four-year putative class period, as Plaintiff seeks, that
2  sum alone would satisfy the amount in controversy. (Sanders Decl. ¶ 4.)

3      18.    ***Second***, the Complaint seeks injunctive relief. Since the Terms &
4  Conditions of use that Plaintiff agreed to are already posted on Outdoorsy's website,
5  and must be expressly agreed to before anyone can use the website, Plaintiff must be
6  seeking an injunction requiring Outdoorsy to provide insurance to every owner who
7  wants to rent out their RV, regardless of the owner's or renter's qualifications.
8  (Compl. ¶ 9.)  The cost of complying with non-monetary relief is also included in the
9  amount in controversy in a CAFA action. *Tuong Hoang v. Supervalu Inc.*, 541 F.
10 App'x 747, 748 (9th Cir. 2013) ("The value of the requested injunction against
11 Defendants would not be 'recovered' by Plaintiffs yet the value of such an injunction
12 is part of the amount that has been put in controversy by Plaintiffs' complaint.");
13 *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *In re Ford Motor*
14 *Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) (costs of
15 complying with an injunction may be considered in measuring the amount in
16 controversy); *Biendara v. RCI, LLC*, No. SACV101878AGMLGX, 2011 WL
17 13137567, at *6 (C.D. Cal. Jan. 24, 2011) (denying motion to remand to state court
18 where injunctive relief would result in "added value for Plaintiff and lost profits to
19 Defendant, perhaps continuing indefinitely into the future, show that the requested
20 injunctive relief is highly valuable and therefore also boosts the amount in
21 controversy above $5 million.").

22     19.    Here, to provide insurance for transactions where, for example, drivers
23 do not have valid licenses, are underaged, or have other conditions that disqualify
24 them for normal insurance or in violation of Outdoorsy's terms and conditions, as
25 Plaintiff seeks to require, would separately cost millions, if not tens of millions, of
26 dollars, to the extent such insurance is even available. (Sanders Decl. ¶ 4.) That is a
27 separate and independent reason why the amount in controversy is satisfied.
28

20.     ***Third***, Plaintiff also seeks "[a]ll reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power" (Prayer for Relief, ¶ g).  This further adds to the total amount in controversy.  *See* Cal. Bus. and Prof. Code § 17200, California Code of Civil Procedure § 1021.5. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that future attorneys' fees can be included in the amount in controversy requirement when they are authorized by statute).

21.     In sum, taken separately, and especially taken together, the amount of damages sought, the costliness of the injunctive relief, and the potential punitive damages and attorney's fees easily satisfy the amount in controversy under CAFA.

### D.  Plaintiff Is a Citizen of California and Outdoorsy Is a Citizen of Texas

22.     CAFA jurisdiction requires that "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2)(c).

23.     CAFA also grants jurisdiction where "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A); *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant.")

24.     A natural person has the citizenship of the place of his domicile. *Kanto v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Corporate parties can have the citizenship of the state of incorporation and the citizenship of the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.,* 465 F.2d 489, 491-92 (9th Cir. 1972).

25.     Here, Plaintiff alleges that he is a citizen of the State of California. (Complaint ¶ 20.)

26. Defendant Outdoorsy is a Delaware corporation with its principal place of business in Austin, Texas. (Complaint ¶ 2, 21); (Sanders Decl. ¶ 2.)

27. Therefore, the suit is both (1) between a member of a class of plaintiffs who is a citizen of a State and a defendant a citizen or subject of a foreign state and (2) a suit where a member of the purported class of plaintiffs is a citizen of a State different from any defendant.

### E. All Procedural Requirements are Satisfied

28. 28 U.S.C. § 1441(a) allows civil actions brought in state court to be removed to the district court "embracing the place where such action is pending." The Complaint was filed in the Superior Court of California for the County of Orange. This District is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a) because it is the District that embraces the county where the state court action was pending.

29. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely. Outdoorsy became aware of the lawsuit when it was served with the Complaint on February 16, 2021. Notice of Removal must be filed on or before March 18, 2021.

30. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders from state court are attached hereto as **Exhibit B**.

31. Defendants will serve written notice of the removal of this action upon all parties and will file such notice with the Clerk of the Superior Court of California for the County of Orange.

## CONCLUSION

WHEREFORE, Defendant Outdoorsy hereby removes this case from the California Superior Court for the County of Orange to this Court.

| | | |
|---|---|---|
| 1 | Dated: March 17, 2021 | Respectfully Submitted, |
| 2 | | BRAUNHAGEY & BORDEN LLP |
| 3 | | |
| 4 | | By: /s/ Matthew Borden |
| 5 | | Matthew Borden, Esq.<br>BraunHagey & Borden LLP |
| 6 | | 351 California Street, 10th Floor<br>San Francisco, CA 94104 |
| 7 | | Tel. & Fax: (415) 599-0210 |
| 8 | | |
| 9 | | *Attorneys for Defendant Outdoorsy, Inc.* |

Matthew Borden, Esq. (SBN: 214323)
 borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
 kwasniewski@braunhagey.com
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 599-0210

*Attorneys for Defendant
Outdoorsy, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JOHN BAI, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>OUTDOORSY, INC., and DOES 1-20, inclusive,<br><br>Defendant. | Case No.<br><br>**DECLARATION OF RICHARD SANDERS IN SUPPORT OF DEFENDANT OUTDOORSY, INC.'S NOTICE OF REMOVAL** |

I, Richard Sanders, declare:

1. I am the Chair of the Advisory Board of Defendant Outdoorsy, Inc., ("Outdoorsy"). I make this declaration on personal knowledge. If called as a witness, I could, and would, testify competently to the facts stated herein.

2. Outdoorsy is a Delaware corporation with its principal place of business in Austin, Texas.

3. In my role as Chair of the Advisory Board, I have personal knowledge of the number of Outdoorsy customers in California, including the number of Outdoorsy customers who have offered their vehicles for rent on the site and the number of California bookings on the site. In my role as Chair of the Advisory Board, I also have personal knowledge of the number of Outdoorsy bookings which include the purchase of "Protection Packages," which provide insurance under Outdoorsy's insurance policy.

4. Plaintiff's claims are meritless and we intend to vigorously defend the quality and reputation of our service. If the claims were somehow successful, however, the damages and restitution sought and the cost of the demanded injunctive relief would far exceed $5 million:

    a. <u>Users in California</u>. Outdoorsy has had tens of thousands of customers in California since March 2017, including thousands of users who have rented out their vehicles through the site.

    b. <u>Insurance Figures</u>. During this time period, the vast majority of Outdoorsy bookings in California included purchase of a "Protection Package" which, among other things, provides insurance for rentals where, among other requirements, the driver is "verified" under Outdoorsy's terms and conditions.

    c. <u>Value of Bookings</u>. The value of the bookings made in California in which the renter purchased the Protection Package greatly exceeds $5 million. Should the Court require further substantiation of the amount in

controversy, Outdoorsy can provide additional information about the value of bookings under seal.

    d. <u>Renegotiating Insurance</u>. If Outdoorsy were required to provide insurance for drivers who do not have valid licenses or have other conditions that disqualify them for normal insurance, as Plaintiff seeks to require, would separately cost millions, if not tens of millions, of dollars, to the extent such insurance is even available.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: March 17, 2021

                                                                                    Richard Sanders