JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOHN BAI, | Case No.: SACV 21-00502-CJC(JDEx) |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION [Dkt. 8] AND STAYING ACTION PENDING RESOLUTION OF ARBITRATION |
| OUTDOORSY, INC. and DOES 1–10, | |
| Defendant. | |

I. INTRODUCTION

Plaintiff John Bai brings this action against Defendant Outdoorsy, Inc. and unnamed Does.  (Dkt. 1-1 [Complaint, hereinafter "Compl."].)  Now before the Court is

-1-

Defendant's motion to compel Plaintiff to arbitrate his claims. (Dkt. 8-1 [hereinafter "Mot."].) For the following reasons, that motion is **GRANTED**.[1]

## II. BACKGROUND

### A.     Plaintiff's Allegations

Defendant operates a website which allows recreational vehicle ("RV") owners to offer their RVs for rent to third-parties. (Compl. ¶¶ 26–27.) In May 2019, Plaintiff listed his RV for rent on Defendant's website which was booked shortly thereafter. (*Id.*) Plaintiff received a copy of the rental receipt which listed various charges including a "Peace of Mind Protection Package," "$1M Liability Coverage," "Damage Protection," and an "Outdoorsy Fee." (*Id.* ¶ 29.) When Plaintiff's RV was returned, Plaintiff discovered there was a dent on the exterior of the vehicle and significant engine damage. (*Id.* ¶ 30.) Plaintiff made an insurance claim with Defendant for the damages, but Defendant denied that the vehicle had insurance coverage. (*Id.* ¶ 31.) Plaintiff alleges that he was misled by Defendant's representations that damages caused by renters would be covered by insurance. (*Id.* ¶¶ 42–46.) As a result, Plaintiff paid over $13,000 for repairs out-of-pocket. (*Id.* ¶ 33.)

Based on these allegations, Plaintiff asserts claims for (1) violation of the California False Advertising Act and (2) violation of California's Unfair Competition Law. (*See generally id.*) Soon after the Complaint was filed, Defendant moved to compel arbitration. (*See* Mot.)

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for May 17, 2021, at 1:30 p.m. is hereby vacated and off calendar.

## B. Defendant's Arbitration Policy

Defendant's motion to compel arbitration concerns the Arbitration Agreement in Defendant's Terms & Conditions. This agreement states:

> IMPORTANT: PLEASE REVIEW THE ARBITRATION AGREEMENT SET FORTH BELOW CAREFULLY, AS IT WILL REQUIRE YOU TO RESOLVE PAYMENT AND INSURANCE DISPUTES WITH OUTDOORSY AND OTHER PARTIES ON AN INDIVIDUAL BASIS THROUGH FINAL AND BINDING ARBITRATION. BY ENTERING THIS AGREEMENT, YOU EXPRESSLY ACKNOWLEDGE THAT YOU HAVE READ AN UNDERSTAND ALL OF THE TERMS OF THIS AGREEMENT AND HAVE TAKEN TIME TON CONSIDER THE CONSEQUENCES OF THIS IMPORTANT DECISION. . . .
>
> You and Outdoorsy agree that any dispute, claim or controversy related specifically to a payment or insurance claim, under $25,000 in value arising out of or relating to the company's Terms . . . shall be settled by binding arbitration . . . and not in a court of law. . . .
>
> However, you and Outdoorsy each retain the right to seek injunctive or other equitable relief in a court of competent jurisdiction relating to any dispute that is properly the subject of this arbitration agreement.

(Dkt. 8-4 [Declaration of Richard Sanders, hereinafter "Sanders Decl."] Ex. 1 [Terms & Conditions] at 30–31 [hereinafter "Arbitration Agreement"].) The Arbitration Agreement is not mandatory, allowing Plaintiff to opt out "by emailing [Defendant] and stat[ing] 'I opt out of arbitration' in the email at the earlier of (i) within 30 days of first registering your account, or (ii) prior to any dispute arising with Outdoorsy." (*Id.* at 31.) The dispute resolution section also contains a separate class-action waiver which precludes Plaintiff "from bringing [or participating in] any class, collective, or representative action against Outdoorsy." (*Id.*)

//

## III. LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), a "written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of the contract." 9 U.S.C. § 2. The FAA is "a congressional declaration of a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). In light of this, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.* at 24–25. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). This Court's role is limited to determining "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank, N.A.*, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc) (citation omitted); *see also* 9 U.S.C. § 2.

## IV. ANALYSIS

The Arbitration Agreement encompasses the dispute at issue because Plaintiff's claims "fall[] within the scope of the parties' agreement to arbitrate." *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000). The Terms & Conditions' Arbitration Provision covers "any dispute, claim or controversy related specifically to a payment or insurance claim, under $25,000 in value arising out of or relating to the company's Terms." (Arbitration Provision.) This clause plainly covers Plaintiff's claims, which relate to Defendant's insurance coverage for damage to Plaintiff's RV. (*See generally* Compl.) Plaintiff does not argue otherwise. Instead,

Plaintiff argues that the Arbitration Agreement should be invalidated under California law concerning public injunctive relief.  (*See generally* Dkt. 9 [Plaintiff's Opposition, hereinafter "Opp."].)

Plaintiff argues that the Arbitration Agreement is invalid because it "prohibits Plaintiff from seeking public injunctive relief." (Opp. at 6–7.) "[T]he California Supreme Court held that no one can contractually waive all rights to seek public injunctive relief." *DiCarlo v. MoneyLion, Inc.*, 988 F.3d 1148, 1152–53 (9th Cir. 2021) (citing *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 961 (2017)).  "Thus, any contract that bars public injunctive relief in both court and arbitration is invalid."  *Id.* at 1153 (citing *McGill*, 2 Cal. 5th at 961).

However, nothing in the Arbitration Agreement prevents Plaintiff from seeking public injunctive relief.  Indeed, the Agreement provides that "[Plaintiff] and Outdoorsy each retain the right to seek injunctive or other equitable relief in a court of competent jurisdiction." (Arbitration Agreement.)  Further, a class-action waiver does not prevent Plaintiff from obtaining a public injunction. *See DiCarlo*, 988 F.3d at 1156 ("The *McGill* court made clear that a litigant proceeding as an 'individual' 'on his or her own behalf' may 'request[] public injunctive relief.'" (quoting *McGill*, 2 Cal. 5th at 959)).  Because public injunctive relief remains available to Plaintiff, the Arbitration Agreement is not invalid.  *See DiCarlo*, 988 F.3d at 1158.

Because Defendant's Arbitration Agreement is valid and encompasses the disputes at issue, the Court will enforce its terms.  *See Kilgore*, 718 F.3d at 1058.  Accordingly, Defendant's motion to compel arbitration is **GRANTED**.  The FAA directs district courts to stay all proceedings pending completion of arbitration.  *See* 9 U.S.C. § 3.  And the Ninth Circuit has expressed a "preference for staying an action pending arbitration rather

than dismissing it." *MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4, 9 (9th Cir. 2014). Accordingly, the Court will **STAY** the case pending resolution of arbitration.

## V. CONCLUSION

For the foregoing reasons, Defendant's motion to compel arbitration is **GRANTED**. The case is **STAYED**, pending resolution of arbitration.

DATED: April 30, 2021

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE